# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PAULETTE PERRY,

        Petitioner,

v.

DWIGHT NEVEN, et al.,

        Respondents.

Case No. 2:18-cv-01573-RFB-VCF

**ORDER**

    Petitioner has paid the filing fee. She has filed a motion for appointment of counsel (ECF No. 3). Petitioner is unable to afford counsel, and the issues presented warrant the appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B). The court provisionally will appoint the Federal Public Defender to represent petitioner. The court notes that the Federal Public Defender currently represents petitioner's co-defendant, Kenneth Grant, in another habeas corpus action before the court, Grant v. Byrne, Case No. 3:16-cv-00104-MMD-CBC. Substitute counsel might be necessary.

    Petitioner also has filed a motion to file protective petition, holding proceedings in abeyance, and administratively closing this case (ECF No. 2). Petitioner was convicted in state district court of first-degree murder with the use of a deadly weapon, conspiracy to commit robbery, and robbery with the use of a deadly weapon. The Nevada Supreme Court affirmed the judgment

of conviction on December 1, 2004. Perry v. State, No. 41256.[1] Petitioner filed a post-conviction habeas corpus petition in the state district court on December 7, 2005. The state district court denied the petition on June 2, 2006. Petitioner filed an untimely notice of appeal on June 25, 2007. On July 17, 2008, the Nevada Supreme Court dismissed the appeal because it was untimely. Perry v. State, No. 49768.[2] On August 6, 2018, petitioner filed a second post-conviction habeas corpus petition in the state district court. She alleged that he learned in December 2017 that her trial counsel had concealed a plea offer. On December 10, 2018, the state district court denied the second state petition as untimely and successive. Petitioner appealed, and the case is pending before the Nevada Supreme Court. Perry v. State, No. 77822.[3]

The appointment of counsel makes this motion moot. The court agrees that a question about the timeliness exists, particularly if the one-year period of limitation started when petitioner could have learned about the factual predicate of her claims through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(D). Likewise, a question about the effect of the currently pending state habeas corpus proceedings exists, because they would not toll the federal one-year period under 28 U.S.C. § 2244(d)(2) if the Nevada Supreme Court determines that the petition was untimely under state law. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Nonetheless, the court is appointing counsel, who will decide how to proceed with this action along with petitioner.

IT THEREFORE IS ORDERED that the clerk of the court file the petition.

IT FURTHER IS ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is **GRANTED**. The Federal Public Defender is provisionally appointed to represent petitioner.

IT FURTHER IS ORDERED that the Federal Public Defender must, within thirty (30) days from the date that this order is entered, undertake direct representation of petitioner or indicate to the court his inability to represent petitioner in these proceedings. If the Federal Public Defender does undertake representation of petitioner, he will then have sixty (60) days to file an amended petition for a writ of habeas corpus, if desired. If the Federal Public Defender is unable to represent petitioner, then the court will appoint alternate counsel.

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=9107 (report generated March 11, 2019).
[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=17538 (report generated March 11, 2019).
[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=54138 (report generated March 11, 2019).

1     IT FURTHER IS ORDERED that neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. At all times, petitioner remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims.

    IT FURTHER IS ORDERED that the clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

    IT FURTHER IS ORDERED that the clerk electronically serve both the Attorney General of the State of Nevada and the Federal Public Defender a copy of the petition and a copy of this order.

    IT FURTHER IS ORDERED that respondents' counsel must enter a notice of appearance within twenty (20) days of entry of this order, but no further response will be required from respondents until further order of the court.

    IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g) paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the Court.

    IT FURTHER IS ORDERED that petitioner's motion to file protective petition, holding proceedings in abeyance, and administratively closing this case (ECF No. 2) is **DENIED** as moot.

DATED: March 12, 2019.

_____
RICHARD F. BOULWARE, II
United States District Judge