UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAULETTE WALKER PERRY, | Case No. 2:18-cv-01573-RFB-VCF |
| Petitioner, | **ORDER** |
| v. | |
| DWIGHT NEVEN, et al., | |
| Respondents. | |

This is a stayed habeas corpus action under 28 U.S.C. § 2254. On November 23, 2021, Petitioner filed a request for an order lifting the previously imposed stay. ECF No. 22. On the same date, petitioner filed a request for an order granting an extension of time to file an amended petition. ECF No. 23. Respondents did not oppose the motions. ECF No. 24, 25. On January 24, 2022, petitioner filed a second request for an order granting an extension of time to file an amended petition. ECF No. 26. The court finds that good cause exists to grant the motions.

IT THEREFORE IS ORDERED that petitioner's request for an order lifting the previously imposed stay (ECF No. 22) is **GRANTED**. The clerk of the court is directed to reopen this action and to lift the stay.

IT FURTHER IS ORDERED that petitioner's requests for an order granting an extension of time to file an amended petition (ECF No. 23, 26) are **GRANTED**. Petitioner will have up to and including March 25, 2022, to file an amended petition for a writ of habeas corpus.

1

IT FURTHER IS ORDERED that respondents must file a response to the amended petition, including potentially by motion to dismiss, within 60 days of service of the amended petition and that petitioner may file a reply within 30 days of service of an answer.  The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the counseled amended petition must be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, must be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED: January 31, 2022

_____
RICHARD F. BOULWARE, II
United States District Judge