# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PAULETTE WALKER PERRY,

                Petitioner,

v.

DWIGHT NEVEN,

                Respondents.

Case No. 2:18-cv-01573-RFB-VCF

**ORDER**

      This habeas matter is before the Court on Respondents' Motion to Dismiss ("Motion") (ECF No. 36). For the reasons discussed below, Respondents' Motion is denied.

**I.    BACKGROUND**

      Perry challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. On March 25, 2003, the state court entered a judgment of conviction for first degree murder with use of a deadly weapon, conspiracy to commit robbery, and robbery with use of a deadly weapon. ECF No. 39-35. The state court sentenced Perry to life without the possibility of parole for the murder count, a consecutive term of life without possibility of parole for the use of a deadly weapon, a concurrent term of 28 to 72 months for conspiracy to commit robbery, and a consecutive term of 72 to 180 months for the robbery count with a consecutive term of 72 to 180 months for the use of a deadly weapon. Id.

      On December 1, 2004, the Nevada Supreme Court affirmed Perry's conviction. ECF No. 40-10. On December 7, 2005, Perry filed a state habeas petition and on June 2, 2006, the state court denied Perry's state habeas petition. ECF No. 40-12. Perry filed an untimely appeal on June 25, 2007. ECF Nos. 40-14, 49-15. On July 17, 2008, the Nevada Supreme Court dismissed Perry's appeal as untimely. ECF No. 40-30.

      On August 8, 2018, Perry filed a second state habeas petition. ECF No. 40-33. The state court dismissed the second state habeas petition as time-barred and successive, finding Perry failed

1  to establish good cause and prejudice. ECF No. 40-40. The Nevada Court of Appeals reversed and remanded instructing the state district court to conduct an evidentiary hearing to determine whether Perry demonstrated good cause to overcome the procedural defects to her petition. ECF No. 41-1.

On remand and following an evidentiary hearing, the state court ruled that Perry failed to demonstrate good cause and prejudice on the basis that her trial counsel did not relay a plea offer to her. ECF No. 41-10. The Nevada Court of Appeals affirmed the state court's ruling, finding that Perry failed to meet her burden to demonstrate good cause and actual prejudice because she did not demonstrate a reasonable probability there was a plea offer from the State that she would have accepted absent counsel's failure to advise her of it. ECF No. 41-25.

On August 16, 2018, Perry initiated this federal proceeding pro se by mailing or handing her petition to a correctional officer for mailing. ECF No. 1-1. On April 25, 2022, following appointment of counsel, Perry filed an amended petition alleging one claim for relief that her Sixth Amendment rights were violated when counsel failed to relay the prosecutor's plea offer. ECF No. 30. She asserts that a prosecutor spoke to James Conklin ("Conklin"), an investigator for the case, when he was reviewing Perry's file at the district attorney's office a few weeks before trial. Id. at 7. The prosecutor asked Conklin why he had not heard anything from Perry's trial attorney about the offer. Id. at 7-8. Perry did not become aware of the State's offer until "late 2017" when she received information about Conklin's conversation with the prosecutor. Id. at 11. Respondents move to dismiss Perry's amended petition as untimely and, in the alternative, procedurally defaulted. ECF No. 36.

## II. DISCUSSION

### a. Procedural Default

Respondents argue that Perry's claim should be dismissed as procedurally defaulted. ECF No. 36 at 7-8. They argue that the Nevada Court of Appeals held that Perry's second state habeas petition was untimely and successive pursuant to NRS 34.726(1) and NRS 34.810. Relying on Cooper v. Neven, 641 F.3d 322, 332 (9th Cir. 2011), Perry argues that the Nevada Court of Appeals' procedural holding was not independent of federal law, and, therefore, her claim is not

1  barred. ECF No. 46 at 3-5. Perry asserts that the Nevada Court of Appeals' procedural default
2  analysis was interwoven with federal law because it considered the merits of her claim in that Perry
3  failed to demonstrate a reasonable probability that there was a plea offer from the State that she
4  would have accepted absent counsel's failure to advise her of it. Id.

5        A state procedural rule constitutes an "independent" bar if it is not interwoven with federal
6  law or dependent upon a federal constitutional ruling. Ake v. Oklahoma, 470 U.S. 68, 75
7  (1985); La Crosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001). "A state law ground is so
8  interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling
9  on federal law [such as] the determination of whether federal constitutional error has been
10 committed.'" Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting Ake, 470 U.S. at
11 75).

12       Here, the Nevada Court of Appeals affirmed that Perry's second state habeas petition was
13 untimely and successive. ECF No. 41-25. In ruling that Perry did not establish cause and prejudice
14 to excuse the procedural bar, however, the state appellate court considered the merits of the claim,
15 whether Perry demonstrated a reasonable probability there was a plea offer that she would have
16 accepted absent counsel's failure to advise, which "dovetail exactly with the cause-and-prejudice
17 analysis." See Cooper, 641 F.3d at 333. The state appellate court's decision did not rest on an
18 independent and adequate state ground. Accordingly, the Court rejects Respondents' argument
19 that Perry's claim is procedurally barred from federal review.

20       **b. Timeliness Under § 2244(d)(1)(D)**

21       With respect to the statute of limitations, the Antiterrorism and Effective Death Penalty
22 Act ("AEDPA") provides:

> (1) A **1–year period of limitation shall apply** to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review <u>or the expiration of the time for seeking such review</u>;
>
> (B) the date on which the <u>impediment to filing an application created by State action in violation of the Constitution or laws of the United States</u> is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

|   |   |
|---|---|
| 1 | Court and made retroactively applicable to cases on collateral review; or |
| 2 | (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. |

28 U.S.C. § 2244(d) (emphases added).

In response to the argument that her 2018 federal petition is untimely, Perry relies on § 2244(d)(1)(D) and asserts that she did not discover the factual predicate to her claims "until late 2017." ECF No. 46 at 2. She contends that she pursued the claim within one year of learning that the State made an offer by filing her second state habeas petition and a protective federal petition. Id.; ECF No. 30 at 11. Respondents do not appear to directly address Perry's argument that her petition is timely under § 2244(d)(1)(D). Rather, Respondents argue that the Nevada appellate courts determined that no offer was made and that Perry's claim nonetheless fails under AEDPA deference. ECF No. 47 at 2.

To be sure, the statute of limitations begins to run under § 2244(d)(1)(D) when the factual predicate of a claim "could have been discovered through the exercise of due diligence," not when it actually was discovered. Accord Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012); Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004). "Due diligence does not require the maximum feasible diligence, but does require reasonable diligence in the circumstances." Schlueter, 384 F.3d at 74 (internal quotation marks omitted). Although section 2244(d)(1)(D)'s due diligence requirement is an objective standard, a court also considers the petitioner's particular circumstances. See Ford, 683 F.3d at 1235.

In her amended petition, Perry provides that she "had no reason to inquire into an offer she believed had never been tendered, but once her friend had elicited the information from Conklin, she hired counsel and ultimately filed her federal petition within a year of learning of the offer." ECF No. 30 at 11-12. In her declaration attached to her second state habeas petition, Perry asserts that she "had no reason to question the representation by counsel that there was never any offer extended in this case." ECF No. 40-33 at 36. Perry hired an attorney, David Houston ("Houston"). ECF No. 30-1 at 72. Perry asserts that the "purpose of retaining [Houston] was to investigate any post-conviction issues at all, based on a recommendation from another inmate." ECF No. 40-33. At the evidentiary hearing, Perry testified that she received a letter dated December 6, 2017, from

Houston indicating that Conklin stated that there was an offer. ECF No. 30-1 at 73.

Knowledge of the prosecutor's offer was not available to Perry until she discovered that information from the case investigator, Conklin, in December 2017. The Court finds that Perry did not delay in presenting her claim in her federal habeas petition upon discovery of the existence of a plea offer and that she was diligent in discovering the factual predicate of her claim for purposes of invoking § 2244(d)(1)(D). Accordingly, the Court denies Respondents' motion to dismiss.

### III.     CONCLUSION

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that within 60 days of entry of this order, Respondents must file an answer addressing all remaining claims in the amended petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that Petitioner will have 60 days from service of the answer within which to file a reply.

DATED this 28 day of August 2023.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE